**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ZACHARY DON GILLASPIE,** | ) | |
| **ID # C35470,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:16-CV-2765-G-BH** |
| | ) | |
| **ROBERT WARD, et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this case has been automatically referred for findings, conclusions and recommendation. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED**.

## I. BACKGROUND

On September 16, 2016, Zachary Don Gillaspie (Plaintiff), a prisoner currently incarcerated in the Texas Department of Criminal Justice Michael Unit, brought suit against his former criminal defense attorney, the Johnson County District Attorney (DA), two of his assistant district attorneys, (ADAs), and a state district judge (Judge) based on their roles in his 2013 conviction and sentence in Cause No. F46910 in Johnson County, Texas, for theft and tampering with physical evidence. (*See* doc. 3 at 3-4; doc. 7 at 1-8, 11.)[1] After twice amending his complaint, he now only asserts claims against the City of Alvarado (City), two defense attorneys, and two ADAs in connection with his 2013 conviction and sentence and appeal. (*See* doc. 31 at 3.)[2] He seeks to have the judgment

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] The plaintiff specifically moved for, and received, leave to amend his complaint. (*See* docs. 17, 18, 26, 29.) Each amended complaint names some of the same defendants as the prior complaint while at the same time deleting some prior defendants and adding new defendants. (*Compare* docs. 3, 18, 31.) Because the amended complaints did not seek to just add new defendants, they are construed as superseding amended complaints rather than supplements to the original complaint and first amended complaint.

in his criminal case vacated as well as monetary damages. (*See* doc. 31 at 4.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983. It "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right

secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.    Habeas Relief**

Plaintiff's complaint challenges his state criminal conviction and seeks to have that judgment vacated.  He seeks habeas relief, which is an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).   A prisoner cannot challenge the fact or duration of confinement in a § 1983 action.  *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)).  He may only do so within the exclusive scope of habeas corpus.  *See Preiser*, 411 U.S. at 487.[3]  Because Plaintiff may only obtain declaratory or monetary relief in this § 1983 action, he fails to state a claim upon which relief may be granted as to his request for habeas relief.

**B.    *Heck* Bar**

Plaintiff seeks monetary relief under § 1983 for alleged violation of his rights in connection with his prosecution and conviction.

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's

---

[3]  The complaint is not construed as a petition for a writ of habeas corpus because the plaintiff clearly filed this as a § 1983 action, and he has previously challenged his conviction through a federal petition for writ of habeas corpus.  *See Gillaspie v. Mackey*, No. 3:16-CV-2833-B (N.D. Tex. Aug. 30, 2017) (denying federal habeas petition).

issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) and *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998)).

Here, because Plaintiff's claims against all defendants clearly challenge the validity of his state court conviction, they are barred under *Heck*.  He has not demonstrated that his allegedly improper conviction and incarceration have been reversed, invalidated, or expunged prior to bringing this action under § 1983, so his claims are not cognizable at this time.  The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met."  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *see also Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

**C.**   **State Actors**

With regard to Plaintiff's claims against the defense attorneys who represented him in the state criminal proceeding, it is well-established that an attorney does not act under color of state law in representing a defendant at trial or on direct appeal.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under

section 1983").  A private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, however.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989).

Plaintiff has not alleged that his attorneys were acting as a state actor; he only complains that they rendered ineffective assistance.  He has failed to state a viable, non-frivolous § 1983 claim, and the claims against his attorneys should be dismissed with prejudice, notwithstanding the *Heck* bar. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

## D.    Immunity

Plaintiff sues the prosecutors based on their role in his criminal proceedings.  Although he previously sued them only in their official capacities, his second amended complaint does not specifically state the capacity in which he now sues them.

### 1.  *Official Capacity Claims*

To the extent that Plaintiff is suing the prosecutors in their official capacities, an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent.  *See Hafer v. Melo*, 502 U.S. 21, 26–27 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  When acting in their official prosecutorial capacities, Texas district attorneys and assistant district attorneys are considered agents of the State, which is immune from claims for

5

damages under the Eleventh Amendment. *Neinas v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 F. App'x 280, 292-293 (5th Cir. May 4, 2009).

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328–29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT & T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam). Additionally, "Congress did not abrogate

Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a). *Roberson*, 2005 WL 2673516, at *1 (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002)).

Any official capacity claims against the prosecutors are based on actions that they took in their capacity as agents of the State of Texas, so any official capacity claims against them under § 1983 is subject to dismissal based on Eleventh Amendment immunity.

### 2.    *Individual Capacity Claims*

To the extent that Plaintiff sues the prosecutors in their individual capacities, prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Prosecutors are entitled to absolute immunity for acts taken to initiate prosecution, even against allegations that they acted "maliciously, wantonly, or negligently." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)); *Thomas v. State*, 294 F.Supp.3d 576, 605 (N.D. Tex. 2018). The Supreme Court has recognized that a prosecutor has only qualified immunity with respect to his or her administrative and investigative duties. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Plaintiff has not alleged that the prosecutors acted other than in their adjudicative role as prosecutors. Because all of the acts of which Plaintiff complains were taken during the course and scope of their duties as prosecutors, they are entitled to prosecutorial immunity for any claims against them in their individual capacities. *See Imbler*, 424 U.S. at 423.

In conclusion, any § 1983 claims against the prosecutors in either their official or individual capacities should be dismissed based on immunity, notwithstanding the application of *Heck*. *See Patton*, 136 F.3d at 462 n.6.

7

## IV.  RECOMMENDATION

The Court should **DISMISS** with prejudice the claims against the individual defendants as frivolous under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B), and **DISMISS** the remaining claims with prejudice as frivolous under § 1915A(b) and § 1915(e)(2)(B) until the plaintiff satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477 (1994).  This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

**SIGNED this 11th day of September, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.