## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ZACHARY DON GILLASPIE, | ) | |
| ID # C35470, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:16-CV-2765-G-BH |
| | ) | |
| ROBERT WARD, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

By *Special Order No. 3-251*, this case has been automatically referred for full case management. Before the Court is the plaintiff's *Fed. R. Civ. P. 59 omnibus motion*, received on November 1, 2018 (doc. 37). Based on the relevant findings and applicable law, the motion should be denied.

### I.  BACKGROUND

Zachary Don Gillaspie (Plaintiff), a prisoner currently incarcerated in the Texas Department of Criminal Justice Michael Unit, sued his former criminal defense attorney, the Johnson County District Attorney (DA), two of his assistant district attorneys, (ADAs), and a state district judge (Judge), under 42 U.S.C. § 1983 based on their roles in his 2013 conviction and sentence in Cause No. F46910 in Johnson County, Texas, for theft and tampering with physical evidence. (*See* doc. 3 at 3-4; doc. 7 at 1-8, 11.)[1] After twice amending his complaint, he only asserted claims against the City of Alvarado (City), two defense attorneys, and two ADAs in connection with his 2013 conviction and sentence and appeal. (*See* doc. 31 at 3.)[2] He sought to have the judgment in his

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2]  The plaintiff specifically moved for, and received, leave to amend his complaint. (*See* docs. 17, 18, 26, 29.) Each amended complaint named some of the same defendants as the prior complaint while at the same time deleting some prior defendants and adding new defendants. (*Compare* docs. 3, 18, 31.) Because the amended complaints did not seek

criminal case vacated as well as monetary damages.  (*See* doc. 31 at 4.)

After the preliminary screening of the prisoner lawsuit seeking redress from an officer or employee of a governmental entity that is required by 28 U.S.C. § 1915A , it was recommended that the claims against the individual defendants be dismissed with prejudice as frivolous under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B), because the defense attorneys were not state actors and not subject to suit under § 1983, and the prosecutors were immune from suit in their official and individual capacities.  (*See* doc. 32.)  It was recommended that the remaining claims be dismissed with prejudice as frivolous under §§ 1915A(b) and 1915(e)(2)(B) until Plaintiff satisfies the conditions in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because a finding in Plaintiff's favor on his claims for monetary damages based on alleged violations of his rights in connection with his prosecution and conviction would necessarily imply the invalidity of the conviction.  (*See* doc. 32.)  The recommendation was accepted on October 2, 2018,  and judgment was entered.  (*See* docs. 34, 35.)  On September 30, 2018, Plaintiff mailed an *Objection* to the recommended dismissal of his action, but it was received after the judgment was entered.  (See doc. 36.)

## II.   FED. R. CIV. P. 59(e)

Plaintiff's motion expressly invokes Rule 59 of the Federal Rules of Civil Procedure, challenges the judgment in this case and was filed within 28 days of its entry.

To prevail on a motion to alter or amend judgment under Rule 59(e),[3] the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not

___

to just add new defendants, they were construed as superseding amended complaints rather than supplements to the original complaint and first amended complaint.

[3]   Although Petitioner specifically cites Rule 59(a) of the Federal Rules of Civil Procedure, that rule addresses motions for a new trial after a jury or non-jury trial; it does not apply where there has not been a trial.  *See Hernandez v. Siemens Corp.*, 726 F. App'x 267, 269 (5th Cir. 2018).

previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiff asserts that his objection was mailed within fourteen days after he received the recommendation, but the judgment was entered before his objections were received by the court. His motion and objection address the merits of his claims. He also argues that the prosecutors did not have immunity, the defense attorneys were acting under color of state law, and his suit is not barred by *Heck*. He has not shown that his objection had merit, he does not allege new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. His Rule 59(e) motion should be denied.

### III.  RECOMMENDATION

Plaintiff's motion under Rule 59 should be **DENIED**.

**SIGNED on this 13th day of November, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4